G. Thomas Leonard (SBN: 101020)
Attorney At Law
1235 N. Harbor Blvd., Ste. 115
Fullerton, California 92832
Tel: (714)680-4725
Fax: (714)879-2836
gthomasleonard@gmail.com

Attorney for Defendant, Melissa Christine Huerta

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>Melissa Christine Huerta,<br><br>Debtor.<br><br>_____<br><br>AAA Blueprint & Digital Reprographics, a California Corporation<br><br>Plaintiff,<br><br>vs.<br><br>Melissa Christine Huerta,<br><br>Defendant. | Main Case No. 8:09-bk-20357-RK<br><br>Chapter 7<br><br>Adv. Case No. 8:10-ap-01024-RK<br><br>**DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION; ALTERNATIVELY FOR A MORE DEFINITE STATEMENT**<br><br>**Hearing:**<br>Date: March 31, 2010<br>Time: 10:00 a.m.<br>Ctrm: 5D<br>411 W. Fourth Street<br>Santa Ana, CA 92701 |

TO THE HONORABLE ROBERT N. KWAN, UNITED STATES BANKRUPTCY JUDGE; THOMAS J. POLIS, REPRESENTING PLAINTIFF; THE OFFICE OF THE UNITED STATES TRUSTEE AND ALL INTERESTED PARTIES:

1

The Defendant Melissa Christine Huerta hereby requests that the above-referenced adversary proceeding be dismissed for failure to state a cause of action upon which relief may be granted or alternatively that Plaintiff make a more definite statement upon which relief is being sought.

## THE UNDERLYING FACTS

The underlying action Orange County Superior Court Case Number 05CC07362 was entitled;

AAA BLUEPRINT & DIGITAL REPROGRAPHICS, a California Corporation

vs.

JIMMY IBARRA, an individual; ALLIANCE REPROGRAPHICS, a business entity from unknown; and DOES 1 through 50, inclusive (Exhibit "A" to Complaint).

Judgment was entered in favor of Plaintiff AAA BLUEPRINT & DIGITAL REPROGRAPHICS, a California Corporation and against IBARRA and Alliance on or about August 25, 2006 (*Exhibit "A" to Complaint*) Case Number 05CC07362. The underlying Judgment was for a misappropriation of trade secrets. On or about December 11, 2006 an Order for Additional Attorneys Fees and Costs was entered against IBARRA and Alliance (*Exhibit "B" to Complaint*) Case Number 05CC07362.

IBARRA and Alliance appealed Appellate Case Number G037831. The Judgment was affirmed. Plaintiff to recover its costs on appeal. (*Exhibit "C" to Complaint*).

Additional attorney's fees were awarded AAA BLUEPRINT & DIGITAL REPROGRAPHICS, a California Corporation against IBARRA and Alliance (*Exhibit "D" to Complaint*) Case Number 05CC07362.

Up to this point there is no mention of the Debtor.

On or about December 13, 2007 AAA Blueprint & Digital Reprographics, a California Corporation this time against Melissa Christine Huerta, Case Number 30-2007-00100248-CU-FR-CJC (*Exhibit "E" to Complaint*).

The Minute Order dated July 27, 2009 found that the Debtor, Huerta, is the Alter Ego of Alliance (*Second to last paragraph of Exhibit "E" to Complaint*).

Exhibit "F" to the Complaint is the Judgment against the Debtor, Melissa Huerta and All Blueprint, Inc.

# THE ADVERSARY COMPLAINT

The Plaintiff in this action has filed its Complaint pursuant to 11 U.S.C. § 523(a)(2)(A), 523(a)(b) and 727(a)(2)(A).

# THE FIRST CAUSE OF ACTION
## 523(a)(2)(A)

523(a)(2)(A) States;

Pursuant to U.S.C. § 523(a)(2)(A), the court shall except from the Debtors Discharge any debt:

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the Debtor's or an insider's financial condition;

Each of the provisions of § 523(a)(2) must be proven. Under 523(a)(2)(A) the Plaintiff must prove that the debt was obtained by false pretenses, a false representation, or actual fraud.

A creditor must establish all Elements of Common Law Fraud.

*In RE Slyman, 234F 3d 1081 (9th Cir. 2000)*

The Elements of Common Law Fraud are:

(1) a representation of fact by the Debtor

(2) that was material

(3) that the Debtor knew at the time to be false

(4) that the Debtor made with the intention of deceiving the creditor

(5) upon which the creditor relied

(6) that the creditor's reliance was reasonable

(7) that the damages proximately result from the misrepresentation

In reviewing Plaintiff's Complaint Fraud has not been plead.

Paragraphs 1 through 6 are jurisdictional.

Paragraphs 7 through 10 relates to the first case in which the Debtor is not a named Defendant.

Paragraph 11 alleges that a State Court action alleging fraud was filed against the Debtor.

Paragraph 12, 13, 14 and 15 all relate to the first case.

Only paragraph 18 actually alleges any facts to support Plaintiff's charge of fraud which states;

> Plaintiff AAA Blueprint & Digital Reprographics alleges that the Debtor-Defendant Melissa Christine Huerta combined fraudulent acts to misappropriate trade secrets from Plaintiff AAA Blueprint along with Defendant-Debtor Melissa Christine Huerta's <u>combined fraudulent acts</u> in hindering the collection of Plaintiff AAA Blueprint's efforts to collect on its $285,615.64 August 2006 Judgment (including any and all fees awarded by the Orange County Superior Court) <u>were both acts of actual fraud</u>, thus violation 11 U.S.C. § 523(a)(2)(A) of the bankruptcy code.
>
> (Emphasis added).

"Combined fraudulent acts" and "were both acts of actual fraud" are simply conclusionary statements and do not support a cause of action for fraud.

Fraud must be plead with particularity. FRCP 9(b)

Defendant has not done so. Plaintiff needs to identify each false pretense, false representation or actual act of fraud as well as the other 6 elements of fraud listed above.

Plaintiff's statements are strictly conclusionary and do not meet the requirement of particularity imposed by FRCP 9(b). Incorporated by reference by FRBP 7009

## THE SECOND CAUSE OF ACTION

### 11 U.S.C. § 523(a)(6)

Pursuant to U.S.C. § 523(a)(6), the Court shall except from the Debtor's discharge any debt:

(6) <u>for willful and malicious injury by the Debtor to another entity or</u> to the property of another entity, (Emphasis added.)

> The creditor must prove that the Debtor intended to cause the creditor harm.
>
> *Carrillo v. Stu (In Re Stu) 290 F3d 1140 (9th Cir. 2002)*

Plaintiff realleges paragraphs 1 through 19 none of which alleges a specific intent by the Debtor to willfully and/or maliciously injure Plaintiff or property of the Plaintiff.

Paragraph 22 again conclusively alleges fraud with no reference to the Debtor's intent or to willfully or intentionally harm the Plaintiff or property of the Plaintiff.

11 U.S.C. § 523(a)(b) is not based upon fraud. 11 U.S.C. § 523(a)(6) is based upon a willful and/or malicious intent to injure another or property of another.

# THE THIRD CAUSE OF ACTION

## 11 U.S.C. § 727

11 U.S.C. § 727(a)(2)(A) states;

Pursuant to U.S.C. § 727(a)(2)(A) of the Bankruptcy Code, the Court shall except a Debtor's discharge based on the following:

(a) The court shall grant the discharge, unless -

(2) <u>the Debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of properly under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed or destroyed, mutilated, or concealed</u> -

(A) property of the Debtor, within one year before the dated of filing of the petition....

(Emphasis added).

In paragraph 24 Plaintiff again realleges the prior paragraphs i.e. 1 through 23.

Plaintiff's prior paragraphs allege that the Defendant misappropriated trade secrets and hindered Plaintiff's collection efforts.

The last two sentences of paragraph 26 state "both acts of action fraud, thus violating § 727(a)(2)(A) of the bankruptcy code."

11 U.S.C. § 727 is not based on fraud.

There are no facts alleged anywhere in the Complaint that the Debtor removed, destroyed, mutilated or concealed, or has permitted to be transferred, removed or destroyed mutilated or concealed;

### Property of the Debtor within one year before the date of filing of the petition

The only property alleged to have been transferred was that of Alliance Reprographics, not the Debtor.

(Emphasis added).

### Conclusion

11 U.S.C. § 523(a)(2)(A), fraud must be plead with particularity. It has not been.

11 U.S.C. § 523(a)(6), willful and malicious injury is based upon the Debtor's specific intent. Intent has not been placed.

11 U.S.C. § 11 U.S.C. § 727(a)(2)(A) is based upon a transfer of the Debtor's assets. None has been alleged.

**WHEREFORE** the Defendant Melissa Christine Huerta prays that the Complaint filed by AAA Blueprint & Digital Reprographics be dismissed for the failure to state a cause of action upon which relief may be granted and;

Defendant further prays that alternatively Plaintiff be required to file a more definite statement upon which Plaintiff seeks relief before Defendant is required to interpose a responsive pleading.

Dated: February 12, 2010

Respectfully Submitted,

G. Thomas Leonard,
Attorney for Defendant,
Melissa Christine Huerta

| In re: | | |
|---|---|---|
| MELISSA CHRISTINE HUERTA, | | CHAPTER: 7 |
| | Debtor(s). | Adv. Case: 8:10-ap-01024RK<br>CASE NUMBER: 8:09-BK-20357RK |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1235 North Harbor Boulevard, Suite 115, Fullerton, California 92832

A true and correct copy of the foregoing document described as **DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION; ALTERNATIVELY FOR A MORE DEFINATE STATEMENT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On 2/11/10 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

John L Greifendorff    jgreifendorff@greifenlaw.com    United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Weneta M Kosmala    Weneta.Kosmala@7trustee.net, ca15@ecfcbis.com
Thomas J Polis    tom@polis-law.com
Ramesh Singh    claims@recoverycorp.com    Dennis Winters    winterslawfirm@cs.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On 2/11/10 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Via U.S. Mail: Honorable Robert N. Kwan, 411 W. Fourth St., Santa Ana, CA 92701
Plaintiff: AAA Blueprint & Digital Reprographics, c/o Thomas Polis, 19800 MacArthur Blvd Ste. 1000, Irvine, CA 92612
Manual Notice: Jay D Fullman, 800 S Beach Blvd Ste A, La Habra, CA 90631

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

2/11/10    Jessica Garibay    [Signature]
Date    Type Name    Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009    F 9013-3.1